F I L E D
**United States Court of Appeals
Tenth Circuit**

**DEC 11 2003**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ROY DON ROBERTSON,

      Plaintiff-Appellant,

v.

PRICE CITY POLICE
DEPARTMENT; ALEX SHIALOS,
Price City Police Chief; CHAD
FEIEHKO; GENE STRATE, 7th
District court attorney,

      Defendants-Appellees.

No. 03-4088
(D.C. No. 02-CV-546-DB)
(Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

    Roy Roberston, proceeding *pro se*, brings this appeal challenging the

district court's dismissal of his civil rights action against Price City, Utah, its

police department, various city police and attorneys, and a Utah state district

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court.[1]  We affirm.[2]

Proceeding *in forma pauperis*, 28 U.S.C. § 1915(b), Mr. Robertson filed suit under 42 U.S.C. § 1983, alleging the defendants violated his right to liberty without due process of law.  Mr. Robertson claims his rights were violated as a result of the extended period of time which elapsed between the filing of informations against him in Utah state court and his arraignments for the crimes alleged.  During the time he was waiting to be arraigned, Mr. Robertson was already in jail for a separate parole violation.

The district court liberally construed Mr. Robertson's pleadings and filings, as we must also do, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and determined Mr. Robertson's claims presented no arguable basis for relief in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It therefore dismissed his action as frivolous under 28 U.S.C. § 1915(e)(2).  We review the district court's ruling for abuse of discretion.  *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995).

Piecing together the record before us, as well as deciphering Mr. Robertson's appellate brief, it appears Mr. Robertson was arrested on February 6,

---

[1]Mr. Robertson initiated his civil rights action while he was in Utah State Prison, but has been released since he filed this appeal.

[2]As a result of our decision to affirm the district court's order, we deny as moot Mr. Robertson's motion for service of process against the defendants for a jury trial.  Likewise, we do not address Mr. Robertson's "Motion Appling [sic] Information to My Case," as the information therein does not alter our disposition on appeal.

2002, and detained in the Price City jail pursuant to parole board warrant. Mr. Robertson does not challenge the validity of his arrest, nor the lawfulness of the detention resulting from it. While he was in jail, county prosecutors filed an information against Mr. Robertson on February 16, alleging that on or about December 17, 2001, he committed the crime of receiving stolen property. Prosecutors filed a subsequent information against Mr. Robertson on September 10, 2002, for assaulting another prisoner, which arose out of an incident on June 26, 2002.

Mr. Robertson alleges he had to wait sixty-five days to be arraigned for the receipt of stolen property charge, and eighty-nine days for the assault charge, and that these delays denied him liberty without due process of law. In dismissing his claims as frivolous, the district court stated Mr. Robertson "did not have a 'liberty interest' in the time [he] spent in jail awaiting arraignment on the assault and stolen property charges because [he] never allege[d] that the warrant for his parole violation was improper." Rec., doc. 19 at 2.

We acknowledge there are instances in which an extended pre-arraignment delay may implicate a defendant's rights and require judicial review. *See e.g., Strunk v. United States*, 412 U.S. 434, 440 (1973) (unreasonable delay between prisoner's indictment and arraignment violated his right to a speedy trial); *United States v. Padilla-Mendoza*, 157 F.3d 730, 731-32 (9th Cir. 1998) (confession

given during pre-indictment delay may be suppressed); *United States v. Grimmond*, 137 F.3d 823, 827 n.1 (4th Cir. 1998) (delay between indictment and arraignment may violate defendant's right to due process where actual prejudice is shown); *Oviatt v. Pearce*, 954 F.2d 1470, 1475 (9th Cir. 1992) (arrestee's rights were violated where arrestee was detained for 114 days before being arraigned, and state statute created liberty interest in being free from incarceration without prompt pretrial and trial procedures); *United States v. Comosona*, 848 F.2d 1110, 1114 (10th Cir. 1988) (pre-indictment delay may provide grounds for speedy trial violation).  Certainly, the elapsed time between the filing of the informations against Mr. Robertson, his arrests, and his eventual arraignments, does appear somewhat extended.  However, regardless of this extended time, such a delay cannot support Mr. Robertson's contention that his liberty rights were violated.  As the district court correctly noted, Mr. Robertson was already being detained by the state for his parole violation, the validity of which has not been challenged.  The pre-indictment delays associated with the charges levied against Mr. Robertson for receipt of stolen property and assault do not undermine the lawfulness of his parole violation detention.  Because Mr. Robertson was appropriately restrained by his parole violation detention, the delays resulting from the other charges had no impact on his liberty.  Therefore, the district court did not abuse its discretion in finding Mr. Robertson's claims presented no

-4-

arguable basis in either law or fact. *Neitzke*, 490 U.S. at 325.

Accordingly, the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge